# 99 DTA 175

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

MAGALY GONZALEZ MESTRE, HOJAT O. ZARKANI, GRACEBELL DIEZ DE ANDINO RIVERA, HARRINGTON WILKES, ELMA DARIBEL DIAZ BURGOS, ERICBERTO COTTO APONTE, GLADYS H. COBIAN AYALA, ZAHIRA OLIVENCIA HENRIQUEZ Y ERIC R. GUZMAN FLORES
Demandantes-Apelantes

v.

ESTADO LIBRE ASOCIADO, ETC.
Demandados-Apelados

Núm. KLAN-99-00243

San Juan, Puerto Rico, a 18 de mayo de 1999

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano
y los Jueces Aponte Jiménez y Giménez Muñoz

Giménez Muñoz, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Nos corresponde resolver si la acción de *mandamus* instada por nueve aspirantes a obtener la licencia de optómetras, quienes fracasaran en la reválida, es académica por cuanto seis de ellos aprobaron la reválida en una fecha posterior.

**I**

Los apelantes, aspirantes a obtener la licencia para practicar y ejercer la optometría, se sometieron a exámenes

administrados por la Junta Examinadora de Optómetras habiendo reprobado el examen en dos ocasiones distintas. Inconformes con el resultado obtenidos en los exámenes, el 7 de abril de 1979, los reclamantes radicaron una acción de *mandamus*, entredicho provisional y permanente, sentencia declaratoria y daños. Alegaron violación al Reglamento de la Junta, al derecho de propiedad y disfrute del debido proceso de ley e igual protección de las leyes y reglamentos. Los remedios solicitados fueron: (a) que se realice una investigación de todos los exámenes de reválida; (b) se anulen los exámenes administrados; (c) se acrediten preguntas eliminadas; (d) se revise la nota de pase; (e) se descalifique a la Presidenta de la Junta y sus miembros; (f) se impongan responsabilidades solidarias de compensar los daños sufridos como resultado de los actos ilegales de los demandadados; y (g) se emita un *injunction* provisional permanente, y un *mandamus*, ordenando lo solicitado anteriormente.

El 30 de septiembre de 1998, la parte demandada-apelada presentó Solicitud de Desestimación Parcial, pues alegó que seis de los nueve demandantes habían aprobado el examen de reválida. El Tribunal de Primera Instancia, el 8 de febrero de 1999, emitió sentencia parcial desestimando el recurso, al considerar que el recurso se había tornado académico respecto a seis de los reclamantes que habían tomado y aprobado la reválida. El Tribunal hizo constar que su acción de daños quedaba vigente.

No conforme con lo resuelto, los seis reclamantes cuya acción fuera desestimada apelaron ante este Tribunal. Alegan que el Tribunal de Primera Instancia erró al archivar la reclamación por academicidad.

## II

La doctrina de academicidad recoge la situación en que, aun cumplido todos los requisitos de justiciabilidad, los cambios fácticos de una controversia tornan en académica o ficticia su solución. *El Vocero v. Junta de Planificación*, 121 D.P.R. 115 (1988). Los fundamentos de la doctrina son: (1) evitar el uso innecesario de los recursos judiciales, (2) asegurar la existencia de suficiente contienda adversativa, y (3) evitar un precedente innecesario. *Com. de la Mujer v. Srio. de Justicia*, 109 D.P.R. 715 (1980).

*"La doctrina de academicidad forma parte del concepto amplio de justiciablilidad que circunscribe la revisión judicial."* *Misión Industrial de P.R. v. Junta de Planificación*, 146 D.P.R. ___ (1998), **98 J.T.S. 79.** Un caso se convierte en académico cuando con el paso del tiempo su condición de controversia viva y presente se pierde. *La Asoc. de Periodistas v. González*, 127 D.P.R. 704 (1991). Un caso académico es *"uno en que se trata de obtener un fallo sobre una controversia disfrazada, que en realidad no existe, o una determinación de un derecho antes de que éste haya sido reclamado, o una sentencia sobre un asunto, que al dictarse, por alguna razón no podrá tener efectos prácticos sobre una controversia existente"*. *E.L.A v. Aguayo*, 80 D.P.R. 552 (1958). O sea, es un caso en que se pierde su carácter adversativo y la decisión del tribunal constituiría una opinión consultiva. *Misión Industrial de P.R. v. Junta de Planificación, supra*.

La doctrina tiene una serie de excepciones, a saber: (a) aunque la decisión del Tribunal no afecte a las partes involucradas presente una cuestión recurrente o repetitiva del asunto; (b) cuando la propia parte demandante termina voluntariamente su conducta ilegal; (c) cuando la situación de hechos ha sido cambiada voluntariamente por el demandado, pero no tiene vicios de permanencia; (d) cuando en un caso sea certificado por el Tribunal una clase y la controversia se torna académica para una de las clases, y (e) en los casos que aparentan ser académicos pero en realidad no lo son por sus consecuencias colaterales. *El Vocero v. Junta de Planificación, supra*.

Estas excepciones a la doctrina de academicidad permiten considerar un caso que de otro modo resultaría académico en cuanto a su resultado o efecto inmediato. Así ocurre, por ejemplo, *"cuando el caso ante el tribunal presenta una cuestión recurrente o susceptible de volver a ocurrir; o cuando aspectos de la controversia se tornan académicos, pero persisten consecuencias colaterales de la misma que tienen vigencia y actualidad"*. (Citas omitidas). *Partido Popular Democrático v. Rosselló*, 139 D.P.R. ___ (1995), **95 J.T.S. 165.**

En el caso de autos, al emitir sentencia parcial dejando vivo tan sólo los daños reclamados, el Tribunal de Instancia dictaminó que el caso se había convertido en académico y que no le era de aplicación ninguna de las excepciones de la doctrina. Discrepamos.

El hecho de que los seis demandantes hayan aprobado el examen de reválida no tiene el efecto de convertir la solicitud del recurso extraordinario en académico. La acción que Instancia dejó viva, la reclamación de daños que pudo haber ocasionado la situación, no puede tener el efecto de borrar los resultados negativos de los exámenes previos - la mancha profesional y personal de los demandantes. El hecho de que los demandantes aprobaran el examen no quiere decir tampoco que lo alegado por ellos haya dejado de tener virtualidad jurídica. Estamos ante una controversia susceptible de volver a ocurrir puesto que no conocemos que los alegados errores en la preparación y corrección del examen se hayan subsanado. Además, el factor tiempo para revisar una acción errónea tomada al confeccionar o corregir exámenes favorece el que se repita lo ocurrido. Ello así, pues la revisión de esa acción puede tomar mayor tiempo que la confección, administración y aprobación de nuevos exámenes por los aspirantes lo que podría ocasionar que virtualmente se evada la revisión judicial. Nótese que la reválida es ofrecida dos (2) veces al año en intervalos de seis meses.

Pero no sólo estamos ante una cuestión recurrente sino que, además, existen consecuencias colaterales de la controversia que tienen actualidad. El paso del tiempo no ha afectado la controversia, ni los hechos del caso han sido cambiados voluntariamente por los demandados al tomar y aprobar la reválida.

Es cierto que la causa de acción instada quedó viva en toda su extensión en cuanto a otros tres co-demandantes quienes no han aprobado el examen de reválida. Pero ello no cambió los hechos que puedan haber ocasionado los daños alegados, la mancha alegada a la reputación de los seis en su situación particular. Recuérdese que una de las alegaciones es que el sistema, para la confección y corrección de los exámenes, no era uniforme y que se discriminó en contra de los demandantes.

En vista de las circunstancias particulares del caso, consideramos que en nada abonaría fragmentar la causa de acción. Debe quedar claro que en cuanto a la solicitud de descalificar a la presidenta y los miembros de la Junta, ésta fue ya resuelta en el caso Núm. KLCE-98-00479 por este Tribunal.

Por las consideraciones expresadas se revoca la sentencia emitida en cuanto a la determinación de academicidad del recurso y se devuelve el caso para la continuación de los procedimientos.

Así lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General